UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL CLIFTON, | ) | |
| | ) | No.: 23-cv-1680 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO and the VARGAS | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, APRIL CLIFTON, by counsel, Moor Law Office, P.C., complaining of the BOARD OF EDUCATION OF THE CITY OF CHICAGO and VARGAS GROUP, INC., states as follows for her Complaint at Law:

**COUNT I – RETALIATION**
**(Board of Education and Vargas)**

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on sex, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.C.S. § 2000e *et seq.* ("Title VII"), and for relief under state law. The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

**Jurisdiction and Venue**

2. Jurisdiction over this case is conferred on the Court by 42 U.S.C. §§ 1331, and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District and the unlawful employment practices alleged herein were committed in the District.

4. On October 26, 2022 Plaintiff filed a Charge of Discrimination for retaliation and sexual harassment with the U.S. Equal Employment Opportunity Commission ("EEOC"), under Charge No. 440-2023-00498 against Vargus Group, Inc. The charge alleged sexual harassment and retaliation against the Vargas Group, Inc.

5. On March 1, 2023, the EEOC closed its investigation of Charge No. 440-2023-00498 and issued Plaintiff her right to sue letter.

6. On October 31, 2022 Plaintiff filed a Charge of Discrimination for retaliation and sexual harassment with the U.S. Equal Employment Opportunity Commission ("EEOC"), under Charge No. 440-2023-00725 against Chicago Public Schools. The charge alleged sexual harassment and retaliation.

7. On March 6, 2023, the EEOC closed its investigation of Charge No. 440-2023-00725 and issued Plaintiff her right to sue letter.

8. Plaintiff files this civil suit within 90 days of her receipt of the notices from the EEOC of her right to sue.

**Parties**

9. Plaintiff April Clifton ("Plaintiff") currently resides, and at all relevant times alleged herein resided, in the City of Chicago. Plaintiff is an African-American female. Plaintiff at all relevant times was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000(e)(f), having been employed by Defendant between July 2019 and the present.

10. The Board of Education of the City of Chicago is and was at all relevant times a municipal corporation organized and existing under the laws of the State of Illinois, which maintained, managed, and/or operated the City of Chicago's public schools. It is an "employer" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) because at all relevant times it engaged in activities affecting commerce and employed thousands of persons.

11. The Vargas Group, Inc. is and at all relevant times was and is a corporation organized and existing under the laws of the State of Illinois, which, *inter alia*, contracted to provide custodial services to the City of Chicago's public schools. It is an "employer" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) because at all relevant times it engaged in activities affecting commerce and employed thousands of persons.

**Allegations**

12. Plaintiff was hired by the Vargas Group, Inc. ("Vargas") to work as a custodian at Board of Education facilities as a custodian in July 2019.

13. Vargas has a contract with the Board of Education to provide janitorial and custodial services to the Board of Education.

14. Plaintiff started a "floater," assigned to schools that the Board of Education operates on an as needed basis until one year elapsed at which time Defendant Vargas assigned the Plaintiff to the Barbara Vick Early Childhood Center on a permanent basis.

15. At all time in her employment the Plaintiff was supervised both by employees of Defendant Vargas and by the Board of Education.

16. At all relevant times, Plaintiff satisfactorily performed the duties of her position, often receiving good reviews from teachers and staff employed by the Board of Education which were given to Defendant Vargas.

17. In early July 2021 one of the Plaintiff's co-workers employed by the Board of Education, Eugene Phelon, approached Plaintiff and her co-workers and told a co-worker that he, the co-worker, was "gonna be hittin' that ass" referring to Plaintiff. Plaintiff and her co-workers all understood the comment to be sexual in nature and told Phelon that he should not be talking that way in the workplace. Phelon responded that he would say whatever he wanted.

18. Plaintiff called Phelon's supervisor, Board of Education employee Jasmine Ross, the same day and complained about Phelon's sexual harassment. Ross said that she would "look into it" and talk to Phelon.

19. On January 18, 2022, Phelon approached Plaintiff and told Plaintiff that she needed a hug and then he asked who was going to penetrate her because "every woman needs to be penetrated."

20. Plaintiff, in shock, told a teacher what Phelon had said and was told to report his comments as sexual harassment.

21. On the same day Plaintiff reported the new instance of sexual harassment to Jasmine Ross, Phelon's supervisor, by phone and was told to put the information in writing and provide a list of rooms that each were assigned to.

22. Plaintiff provided the writing on the same day.

23. Plaintiff was told that there would be an investigation.

24. After January 2022 and until July 2022, Phelon had apparently been told to avoid the Plaintiff and did so.

25. However, in July 2022 Phelon berated the Plaintiff in front of co-workers the day she returned from vacation. Plaintiff called Jasmine Ross and was only told to take a smoking break.

26. On August 12, 2022 Eugene Phelon planted a razor blade at the base of a plastic playschool structure in a class room that the Plaintiff has just cleaned. Plaintiff saw it when she opened in the morning and told a co-worker about it. The co-worker told Plaintiff to take a picture of the razor blade and call Jasmine Ross. Both Plaintiff and the co-worder had checked the room before they left and the only person to arrive at the school before them on August 12, 2022 was Eugene Phelon who opened the building in the morning.

27. Plaintiff called Jasmine Ross who did nothing about the incident.

28. Plaintiff then lodged a complaint with the Chicago Public School Equal Opportunity Compliance Office ("EOCO"), reporting Eugene Phelon's sexual harassment, reporting the planting of the razor incident, and reporting Jasmine Ross for not addressing Plaintiff's prior complaints.

29. An EOCO investigator, addressing Plaintiff's complaints, called Amy O'Connor, the principal at Barbara Vick Early Childhood Center to question her. O'Connor thereafter told Plaintiff's immediate supervisor at Defendant Vargas, Darryl Smith, that the Plaintiff was "hostile."

30. On October 21, 2022 Plaintiff was removed from her permanent assignment at Barbara Vick Early Childhood Center in retaliation for her complaints and assigned to Peace and Education Coalition Alternative Highschool.

31. On October 26, 2022, Plaintiff filed her EEOC charge against Defendant Vargus, and on October 31, 2022 she filed her EEOC charge against Defendant Board of Education.

32. In retaliation for her prior complaints, the EOCO charge, and the EEOC charges, Plaintiff was baselessly written up by Defendant Vargas on November 14, 2022 and December 29, 2022.

33. On February 10, 2023 a co-worker told Plaintiff that he had heard that Defendants were trying to fire her.

34. In February 2022 a supervisor employed by Defendant Vargas began inspecting Plaintiff's work every hour, instead of once a day, and loudly complaining about the quality of her work.

35. In March 2023 Defendant Vargas demoted Plaintiff to serving as a "floater," which by union rules governing Vargas is limited to an employee's first year.

36. The Plaintiff's transfer from the Barbara Vick Early Childhood Center, which was close to her house, in violation of workplace and union rules, the failure to investigate her complaint to Ross and the EOCO, the writeups Plaintiff received in late 2022, the unneeded and unusual hourly inspections, and her demotion to a "floater," were all in retaliation for Plaintiff reports of sexual harassment and harassment by Eugene Phelon.

37. As a proximate result of Defendants' illegal conduct, Plaintiff has suffered anxiety, emotional distress, physical illness, damage to her reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, APRIL CLIFTON, by counsel, respectfully prays that this Court provide the following equitable and legal remedies:

    a. Enter a permanent injunction against Defendants prohibiting them from further acts of retaliation;

    b. Award compensatory damages;

    c. Award punitive damages;

    d. Award Plaintiff the costs of litigation, including reasonable attorney's fees and expert fees and expenses; and

  e.  Any other relief that this Court deems just.

Plaintiff demands trial by jury.


               /s/  Edward R. Moor
               Attorney for Plaintiff


MOOR LAW OFFICE, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net